# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>THOMAS H. MCDONALD, JR.,<br><br>Debtor. | Chapter 11<br>Case No. 05-54684<br>Hon. John H. Squires<br><br>Hearing Date:   June 30, 2011<br>Hearing Time:   9:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **June 30, 2011 at 9:30 a.m.,** or as soon as counsel may be heard, I shall appear before the Honorable John H. Squires, in Room 680, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Motion For Entry of Final Decree Closing Case,** a copy of which is hereby served upon you, and shall seek the entry of an order in conformity with said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Richard M. Fogel (#3127114)
> Mark L. Radtke (#6275738)
> Shaw Gussis Fishman Glantz
>  Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151
> Attorneys for the Debtor

## CERTIFICATE OF SERVICE

Richard M. Fogel, an attorney, certifies that he caused to be served true copies of the above notice and attached motion upon the attached Service List by First Class Mail on June 21, 2011.

> /s/ Richard M. Fogel

{5291 MOT A0293334.DOC}

## SERVICE LIST

Kathryn M. Gleason
Office of the U.S. Trustee
219 S. Dearborn St., Suite 873
Chicago, IL 60604

Thomas H. McDonald
430 Shadow Creek Drive
Palos Heights, IL 60463

Mark K. Thomas
Proskauer Rose LLP
70 W. Madison Street, Suite 3800
Chicago, IL 60602

August A. Pilati
August A. Pilati and Associates, Ltd.
53 West Jackson Blvd., Suite 528
Chicago, IL 60604

Brown Bark LLL, L.P.
Attn: Tiffany Jones
P.O. Box 1068
Stafford, Texas 77497-1068

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **THOMAS H. MCDONALD, JR.,** | ) Case Nos. 05-54684 |
| | ) |
| **Debtor.** | ) |
| | ) Hon. John H. Squires |
| | ) |
| | ) Hearing Date: June 30, 2011 |
| _____ | ) Hearing Time: 9:30 a.m. |

### MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE

Pursuant to 11 U.S.C. § 350, Fed. R. Bankr. P. 3022 and Local Rule 3022-1, Thomas H. McDonald, Jr., not individually, but as the trustee of the McDonald Creditors' Trust (the "Trustee") established for the purpose of implementing the Second Amended Plan of Liquidation (the "Plan") filed by Debtor, hereby moves this Court for entry of a final decree closing the Debtor's case. The Plan has been substantially consummated and the Debtor's estate has been fully administered. In support of this Motion, the Trustee states as follows:

### Commencement of the Cases, Jurisdiction and Standing

1. The Debtor's case was commenced on October 14, 2005 by the filing of a voluntary chapter 11 petition in this Court. Consequently, this Court has jurisdiction over the case, all of the Debtor's property and the subject matter of this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. On July 13, 2006, the Court entered an order confirming the Plan and approving the adequacy of the Debtor's Disclosure Statement. As set forth in the Plan, the Trustee was granted all of the rights, powers, duties and immunities of a trustee appointed pursuant to section 1104 of the Bankruptcy Code and was empowered with the right to manage the Debtor's estate

and control and supervise all post-confirmation responsibilities, including implementation of the Plan.

### Relief Requested

3.      The Trustee requests the entry of a final decree closing the Debtor's case. The Trustee has fulfilled substantially all of his duties under the Plan

4.      Between the effective date of the Plan and June 1, 2009, the Trustee made a series of six interim distributions to the unsecured creditors of the estate, after payment of all secured claims. To date, the unsecured creditors have received 39.20% of their allowed claims.

5.      The Trustee did not make any subsequent distributions because he was waiting for a shareholder distribution from the estate of J.I.I. Real Estate, Inc.

6.      The Trustee has recently received the shareholder distribution and is prepared to make a sixth and final distribution to the unsecured creditors of the estate. The Trustee is currently holding the sum of $109,144.11 in his estate account.

7.      Except for the final professional fees of the Trustee's attorneys in the amount of $2,583.33 and accountants in the amount of $544.88, and the final U.S. Trustee quarterly fee for the second quarter of 2011 in the amount of $975.00, there are no unpaid administrative claimants in this case.

8.      Final applications for compensation has been filed by the Trustee's attorneys and accountants. At the time this Motion was filed, the Trustee's only significant remaining duties consisted of: (i) payment of the final professional fees and final U.S. Trustee fee; and (ii) disbursement of the remaining estate funds to the unsecured creditors of the Debtor after the final professional fees are determined by the Court (collectively, the "Remaining Duties").

9. Except for the performance of the Remaining Duties, no other motions, contested matters, or adversary proceedings await resolution by this Court. Based on the foregoing, the Trustee submits that the entry of a final decree is warranted at this time.

### Applicable Authority

10. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Likewise, Fed. R. Bankr. P. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. While the term "fully administered" is not defined in the Bankruptcy Code, it is clear that the entry of a final decree closing a chapter 11 case should not be delayed just because all of the payments required by a plan have not been completed. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re Jordan Manufacturing Co. et al.,* 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992).

### Notice

11. The Trustee served this motion on counsel for the United States Trustee, counsel of record and the unsecured creditors that are not represented by counsel. No other parties have requested notice in this case. The Trustee believes that such notice is appropriate under the circumstances. Consequently, the Trustee requests that any further notice of this motion or the Court's hearing thereon be waived.

WHEREFORE, the Trustee requests that this Court enter a final decree, substantially in the form attached to the motion, closing the Debtor's chapter 11 case and providing such other relief as may be appropriate under the circumstances.

Respectfully submitted,

Thomas H. McDonald, Jr., not personally but as Trustee of the McDonald Creditors' Trust

Dated: June 21, 2011

Steven B. Towbin (#2848546)
Richard M. Fogel (#3127114)    By: */s/ Richard M. Fogel*
Shaw, Gussis, Fishman, Glantz,        One of his attorneys
   Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151

{5291 MOT A0293334.DOC}     6